# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:10-CR-40-TLS |
| | ) | |
| JOSE ZAPATA | ) | |

## OPINION AND ORDER

The Defendant, Jose Zapata, pleaded guilty to one count of distributing materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2). He is awaiting sentencing. The Defendant makes the following arguments with respect to the sentence this Court should impose: (1) the five level increase under Guideline § 2G2.2(b)(7)(D) for the number of images he possessed is unconstitutional under the separation of powers doctrine; (2) even if § 2G2.2(b)(7)(D) is constitutional, it disproportionately punishes the Defendant; and (3) application of the sentencing factors under 18 U.S.C. § 3553(a) supports a variance from the advisory Guideline range. (Sentencing Mem., ECF No. 29.) In response, the Government argues that Guideline § 2G2.2(b)(7) is constitutional generally and as applied to the Defendant and there are no factors under 18 U.S.C. § 3553(a) that warrant a sentence outside the advisory guideline range.

## DISCUSSION

**A.    Constitutionality of § 2G2.2(b)(7)(D)**

The Defendant argues that the enhancement for the number of images he possessed violates the separation of powers doctrine because it was promulgated directly by Congress, not by the Sentencing Commission. The Defendant points to *United States v. Mistretta*, 488 U.S. 361

(1989), as support for his position that, to be constitutional, a Guideline must be promulgated by the Sentencing Commission exercising its delegated powers, not by Congress through direct legislation. He argues that the number-of-images enhancement improperly reduced the Commission from its role as promulgator of the Guidelines to a mere distributor of Congressional edict. A similar argument was recently advanced by the defendant in *United States v. Rogers*, 610 F.3d 975 (7th Cir. 2010). In that case, the Seventh Circuit used the following logic to reject the defendant's argument that *Mistretta* forbids Congress from directly legislating sentencing guidelines:

> Rodgers's argument rests on a mischaracterization of *Mistretta*. In *Mistretta*, the Supreme Court rejected a challenge to the then-mandatory guideline system based on the theory that the guidelines delegated too much legislative authority to the Sentencing Commission and violated the separation of powers by requiring federal judges to serve on the Commission. 488 U.S. at 412. In concluding that neither the nondelegation doctrine nor the separation-of-powers doctrine prohibited the legislature from seeking the advice of judges when formulating guideline ranges, the Court relied on the fact that Congress had constrained the discretion of the Commission. For example, the Court noted that Congress had mandated that the guidelines "require a term of confinement at or near the statutory maximum for certain crimes of violence and for drug offenses, particularly when committed by recidivists." *Id.* at 376. Thus, the starting point for the *Mistretta* opinion was that Congress could legitimately create sentencing guidelines, just as it creates the statutory maximum and minimum sentences. *See also United States v. LaBonte*, 520 U.S. 751, 757 (1997) (holding that the Sentencing Commission "must bow to the specific directives of Congress"). Indeed, the dissent in *Mistretta* argued that only Congress could validly promulgate guidelines. 488 U.S. at 413 (Scalia, J., dissenting). If legislators do not "cloak their work" in neutral garb of the judiciary when they ask judges to serve on a sentencing commission while substantially constraining the work of that commission, surely they do not do so when they bypass the commission altogether and legislate directly.

*Rodgers*, 610 F.3d at 977–78 (parallel citations omitted). Based on this reasoning, Congress did not violate separation of powers when it passed the Protect Act, the legislation from which § 2G2.2(b)(7)(D) is derived. In so holding, the Court remains mindful that when evaluating the

Guidelines recommendation, it may consider whether the Sentencing Commission fulfilled its "characteristic institutional role" in adopting the particular guideline, *see Kimbrough v. United States*, 552 U.S. 85, 109 (2007), and the court may reject any guideline on policy grounds, *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010).

**B.     Application of Enhancement for the Number of Images**

The Defendant argues that because child pornography images are accessed through the computer, the number of images has very little to do with an appropriate punishment. He states that it would not reflect the number of times he downloaded pornography, or the number of images he viewed.

For reasons already stated above, there is no legal barrier to applying the enhancement, and the Defendant has not asserted that the number of images reported is factually erroneous. Rather, the Defendant's argument is that an increase of 5 levels does not meet the purposes of punishment because it overstates the seriousness of the offense. This is an argument that is more appropriately made in the context of § 3553(a), where the Court will consider how much deference to give to the increase in the advisory Guideline sentence that is brought about by the specific offense characteristics, including the number of images. The Court cannot make this determination unless it has first properly calculated the applicable guideline range, which in this case, includes a 5-level increase because the offense involved more than 600 images.[1]

---

[1] Guidelines § 1B1.1 emphasizes the three basic steps in sentencing: (1) calculate the applicable guideline range; (2) consider departures under the Guidelines themselves, and (3) consider the other applicable factors under 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.1(a)–(c).

## C. Application of Section 3553(a) Factors

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 129 S. Ct. 890, 891–92 (2009). In imposing a sentence, § 3553(a) requires a court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
> (3) the kinds of sentences available;
> (4) the advisory guideline range;
> (5) any pertinent policy statements issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, a court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: just punishment, respect for the law, deterrence, protection of the public, and rehabilitation of the defendant.

In his Sentencing Memorandum, the Defendant asserts that he has been a responsible, hardworking, father of two children. The Defendant argues that he has no criminal history and is not a danger to the community. The Defendant concludes that "an appropriate resolution would be his placement on supervised release . . ., which along with his continued counseling and the support of his church, would address all of these needs of sentencing." (Sentencing Mem., ECF No. 29 at 8.)

4

The Court will determine the sentence that is sufficient, but not greater than necessary, to comply with the purposes of punishment, after giving the Government and the Defendant an opportunity to address the Court and present evidence at the time of the sentencing hearing. To rule on these issues before the parties have been given such an opportunity to present information that has a sufficient indicia of reliability to support its probable accuracy would be premature.[2]

## CONCLUSION

To the extent that the Defendant's Sentencing Memorandum [ECF No. 29] asks the Court to find that the five level increase under Guideline § 2G2.2(b)(7)(D) is unconstitutional under the separation of powers doctrine and that the § 2G2.2(b)(7)(D) enhancement should not apply, these objections are OVERRULED. The Court will receive testimony and exhibits and hear argument in relation to the application of the sentencing factors under § 3553(a) at an evidentiary hearing on June 10, 2011, at 10:00 AM.

ENTERED: May 2, 2011.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] In its Sentencing Memorandum the Government raises *United States v. Cunningham*, 680 F. Supp. 2d 844, 848–53 (N.D. Ohio 2010), to distinguish the Stabenow article, Troy Stabenow, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines*, (Jan. 1, 2009), *available at* http://www.fd.org/pdf_lib/child%20porn%20july%20revision.pdf, the Defendant cites in support of his § 3553(a) argument. The Defendant responds that the court in *United States v. Diaz*, 720 F. Supp. 2d 1039 (E.D. Wis. 2010), is more representative of the majority trend on the issues he raises with the sentencing guidelines. The Court will consider relevant case law in making its § 3553(a) determination after receiving further evidence on this issue.